**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

INVESTIGATE MIDWEST

701 Devonshire Dr., Ste. C33
Champaign, IL 61820

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE

1400 Independence Avenue, S.W.,
Washington, D.C. 20250

    *Defendant.*

CIVIL ACTION NO.  26-cv-01526

**COMPLAINT**

### PRELIMINARY STATEMENT

1. Plaintiff Investigate Midwest ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Agriculture ("USDA") to disclose documents requested pursuant to FOIA. Specifically, Plaintiff is seeking documents related to the Secretary of Agriculture's correspondence about the USDA's cooperation with the Department of Government Efficiency ("DOGE").

2. These documents will shed light on the Secretary's work during her first week on the job, including her collaboration with DOGE related to mass firings of USDA employees and elimination of Diversity, Equity, and Inclusion ("DEI") programs.

3. To date, Defendant has failed to make a determination on Plaintiff's FOIA request, to disclose any of the requested documents within the time stipulated under FOIA, or to provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff, Investigate Midwest, is an independent, nonprofit newsroom. Its mission is to serve the public as a watchdog over influential agricultural corporations and institutions through in-depth and data-driven investigative journalism. Investigate Midwest is incorporated under the laws of Illinois.

9. Defendant USDA is an agency of the United States under 5 U.S.C. § 552(f)(1). USDA is headquartered in Washington, DC.

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

**STATEMENT OF FACTS**

11. In early 2025, Elon Musk's Department of Government Efficiency ("DOGE"), in coordination with leadership from multiple executive branch agencies, began the process of firing tens of thousands of employees across multiple federal agencies.

12. Many of these firings initially targeted employees who worked in DEI offices and related roles.

13. On February 14, 2025, the firings began at USDA.

14. The firings coincided with Brooke Rollins' first full day as President Donald Trump's agriculture secretary. In a Feb. 14, 2026, press release of Secretary Rollins prepared remarks, she stated:

> First and foremost, we are inviting the Department of Government Efficiency to USDA. DOGE is already here, of course — they are working nearly everywhere — but we are *welcoming* its efforts because we know that its work makes us better, stronger, faster, and more efficient. I will expect full access and transparency to DOGE in the days and weeks to come from everyone at this Department, and I will personally set that example as they proceed.

> Second, we will end identity politics, identity celebrations, and DEI at USDA — period. We will neither commemorate nor celebrate our immutable characteristics, neither among ourselves nor among Americans at large. We will instead celebrate the things that make us *American*: merit, faith, and liberty first among them. All Americans deserve equal dignity, and at this Department they will receive it. On this precipice of the 250th anniversary of our Revolution, we will rededicate ourselves to "the proposition that all men are created equal."[1]

15. Court records[2] show DOGE personnel were in contact with USDA officials about the firings before Rollins started so it's unclear what role she played.

---

[1] United States Department of Agriculture, Secretary Rollins Delivers Opening Remarks at USDA Headquarters (Feb. 14, 2025), https://www.usda.gov/about-usda/news/press-releases/2025/02/14/secretary-rollins-delivers-opening-remarks-usda-headquarters.

[2] American Federation of Government Employees, AFL-CIO v. United States Office of Personnel Management, No. 3:25-cv-01780, Dkt. No. 188-1 at p. 100 (N.D. Cal. filed Feb. 19, 2025), available at https://www.courtlistener.com/docket/69655364/188/1/american-federation-of-government-employees-afl-cio-v-united-states/.

16. Because of its interest in Brooke Rollins' role in the firings, Investigate Midwest submitted a FOIA request to the Federal Bureau of Investigation on February 26, 2025.

17. Investigate Midwest requested:

    a. All email correspondence, from Feb. 13, 2025, to Feb. 20, 2025, involving Agriculture Secretary Brooke Rollins that includes at least one of the following keywords: "Elon," "DOGE" or "DEI." Please note correspondence means all emails from, to, forwarded, cc'd, bcc'd.

    b. Please note that we are not seeking, and that this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications forwarding such emails are responsive to this request. For example, if an official received a mass-distribution news clip email, that initial email would not be responsive to this request. However, if the official forwarded that email to another individual with commentary, that subsequent message would be responsive to this request and should be produced.

18. Investigate Midwest requested News Media Fee Status and a Public Interest Fee Waiver.

19. On March 7, 2025, the USDA acknowledged the request and assigned it request number 025-OSEC-05031-F.

20. USDA placed Investigate Midwest in the News Media requester category but stated that Investigate Midwest's Fee Waiver request was still under consideration.

21. On March 26, 2025, Investigate Midwest followed up with USDA via email to ask about the status of the request.

22. On the same day, an agency employee contacted Investigate Midwest to state, "I have completed my review and processing of these records and they are currently awaiting final review."

23. Investigate Midwest continued to doggedly follow up on this request, including emails sent on April 2, 2025; April 9, 2025; May 14, 2025; June 24, 2025; July 24, 2025; August 26, 2025; February 25, 2026; and March 30, 2026.

24. On numerous occasions, the agency confirmed that the request was *still* in final review, including on June 25, 2025; July 25, 2025; August 27, 2025; February 26, 2026; and April 1, 2026.

25. Despite being in "final review" for more than a year, USDA has never produced documents as a result of this request.

### COUNT ONE:

### *Violation of Statutory Deadline*

26. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

27. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

28. FOIA requires agencies to make an appeal determination within 20 working days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

29. More than a year has passed since Plaintiff submitted its FOIA request, but as of the date of this filing, Plaintiff has received no documents in response to its FOIA request.

30. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its February 26, 2025 FOIA request, Investigate Midwest now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## COUNT TWO

### *Unlawful Withholding of Agency Records*

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Defendant has unlawfully withheld records responsive to Plaintiff's FOIA Request.

33. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. §552(a)(6)(C)(i).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

  ii.   Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

 iii.   Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

  iv.   Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

   v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on May 4, 2026.

/s/ *Ginger P. McCall*_____
Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com

FREE INFORMATION GROUP, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642

*Attorneys for Plaintiff*