UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INVESTIGATE MIDWEST,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE,<br><br>        Defendant. | Civil Action No. 26-1526 (CJN) |

## **ANSWER**

Defendant United States Department of Agriculture ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Investigate Midwest ("Plaintiff") on May 4, 2026.  (ECF No. 1).  This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents.  However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

1

## PRELIMINARY STATEMENT[1]

1.      The allegations in this paragraph consist of Plaintiff's characterization of this action and Plaintiff's FOIA request, to which no response is required.  To the extent that the allegations in the paragraph purport to characterize Plaintiff's FOIA request, the request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith

2.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.      The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.  Defendant provided Plaintiff with a final determination on May 7, 2026.

## JURISDICTION AND VENUE

4.      This paragraph contains Plaintiff's conclusions of law concerning jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

---

[1]      Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

5.     This paragraph contains Plaintiff's conclusions of law concerning the Court's authority to grant declaratory relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

6.     This paragraph contains Plaintiff's conclusions of law concerning venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

7.     This paragraph contains Plaintiff's conclusions of law concerning the Court's authority to award reasonable costs and attorneys' fees, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

### PARTIES

8.     The allegations in this paragraph are Plaintiff's characterization of itself, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.     Defendant admits the allegations in this paragraph.

10.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is an agency of the federal government and is subject to the requirements of the FOIA and denies the allegations in the second sentence of this paragraph.

### STATEMENT OF FACTS

11.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed

required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph.  The allegations following the first sentence of this paragraph consist of Plaintiff's characterization of a press release, to which no response is required.  The press release speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the press release for a full and accurate statement of its contents and denies any allegations inconsistent therewith

15.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as

immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16.    Defendant admits that it received a FOIA request from Plaintiff dated on or about February 26, 2025.  Defendant lacks knowledge or information sufficient to form a belief about the truth of any FOIA request Plaintiff may have submitted to the Federal Bureau of Investigation or the reasons why Plaintiff may have submitted that request to any agency.

17.    Defendant admits that it received a FOIA request from Plaintiff dated on or about February 26, 2025.  The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

18.    Defendant admits the allegations in this paragraph.

19.    Defendant admits that on March 7, 2025, it acknowledged receipt of Plaintiff's FOIA request but avers that the request was assigned request number 2025-OSEC-05031-F.

20.    Defendant admits the allegations in this paragraph.

21.    Denied.    On March 26, 2025, Plaintiff followed up with Defendant via FOIAXpress/PALs to ask about the status of the request.

22.    Defendant admits that an agency employee replied to Plaintiff's message.  The remainder of this paragraph consists of Plaintiff's characterization of that reply, to which no response is required. The reply speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the reply for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

23. Defendant admits to receiving communications from Plaintiff on the dates alleged in this paragraph except for the allegations regarding emails purportedly sent on April 2, 2025, and May 14, 2025. Defendant denies receiving an email dated May 14, 2025, and avers that it received an email on April 1, 2026. The remainder of this paragraph consists of Plaintiff's characterization of those communications, to which no response is required. The communications speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the communications for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

24. Defendant admits to communicating with Plaintiff on the dates alleged in this paragraph but avers that the communications dated June 25, 2025, and April 1, 2026, were transmitted via email, and that the remaining communications were transmitted via FOIAXpress/PALs. The remainder of this paragraph consists of Plaintiff's characterization of those communications, to which no response is required. The communications speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the communications for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

25. Denied. Defendant provided Plaintiff with a final determination on May 7, 2026.

**COUNT ONE:**
***Violation of Statutory Deadline***

26. Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if fully stated in this paragraph.

27. The allegations in this paragraph consist of conclusions of law, to which no response is required.

28.     The allegations in this paragraph consist of conclusions of law, to which no response is required.

29.     Defendant admits that it had not provided any responsive, non-exempt, reasonably segregable portions of records requested by Plaintiff as of the date Plaintiff filed the Complaint, but avers that it provided Plaintiff with a final determination on May 7, 2026

30.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT TWO
### *Unlawful Withholding of Agency Records*

31.     Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if fully stated in this paragraph.

32.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

33.     The allegations in this paragraph consist of Plaintiff's assertions regarding the public interest in the requested records, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## RELIEF REQUESTED

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

7

## **DEFENSES**

Defendant alleges the following additional defenses to the Complaint.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1.      Defendant has exercised due diligence in responding to Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA requests.

2.      Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

3.      Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure.  5 U.S.C. § 552(b).

4.      Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

5.      Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

6.      The Court lacks subject-matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

7.      Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

8.      Plaintiff's FOIA requests are improper to the extent they are overbroad, fail to reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A), or would require

Defendant to undertake an unreasonably burdensome search, review, redaction, or production effort.

9.    To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). See *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

10.    Defendant respectfully request and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: June 19, 2026    JEANINE FERRIS PIRRO
      Washington, D.C.    United States Attorney

        By:    */s/ Benjamin H. Zieman*
           Benjamin H. Zieman
           Assistant United States Attorney
           601 D Street N.W.
           Washington, D.C. 20530
           202-252-2540
           benjamin.zieman@usdoj.gov

        *Attorneys for the United States of America*

9